UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

**FILED**

SEP 3 0 2009



CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MELISSA COMES, | * | CIV. 09-1007 |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | |
| | * | |
| PATRICK JAMES KRAUSE and | * | |
| ROGER MIELKE, d/b/a | * | |
| ROGER MIELKE TRUCKING, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This personal injury action was commenced in state court. The action was removed by the defendants to federal court on the basis of diversity of citizenship (the plaintiff being a resident of South Dakota and the defendants being residents of Minnesota). There is no dispute that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Defendants have filed a motion (Doc. 4), claiming (1) that, pursuant to Fed.R.Civ.P. 12(b)(7), the action should be dismissed for failure to join parties under Fed.R.Civ.P. 19, namely John Coomes, Lisa Coomes, Jennifer Coomes, and Michael Coomes or, (2) in the alternative, that the court should order the joinder to avoid the claimed substantial risk of multiple suits with inconsistent obligations. Jennifer Coomes and Michael Coomes, siblings of plaintiff, were both passengers in the motor vehicle being operated by the plaintiff at the time of the accident. All passengers received injuries of varying severity. The plaintiff has attained the age of majority since the accident. Her injured siblings have not. The motor vehicle was owned by John and Lisa Coomes, parents of the plaintiff. There is no allegation that any of the parties as to whom joinder is sought were in any way liable for the accident and injuries.

Some of the confusion here may have been avoided by the plaintiff complying with Fed.R.Civ.P. 19(c), namely pleading the reasons for nonjoinder. On the other hand, one could surely conclude that nonjoinder would not be an issue here.

Defendants have filed a counterclaim against the plaintiff, alleging that the accident in question was caused by plaintiff, causing damages to defendants.

If the parents and siblings were to be joined as plaintiffs, the question would arise whether they should file cross claims against plaintiff as well as claims against defendants. Various questions of law would then arise, some depending on the exclusions and provisions of any policy of liability insurance covering the present plaintiff. Such questions would surely complicate the present action. Such questions could impact family harmony and would result in the appearances of additional attorneys. Plaintiff's present attorney would obviously not be able to represent the parents and siblings as to claims against plaintiff. If the limits of liability available to defendants are exhausted by virtue of a settlement or a judgment against defendants, the parties sought to be joined who resist joinder would have no one to blame but themselves. The affidavit of Lisa Coomes makes it clear that the family members have reached an agreement as to allocations of any money recovered by plaintiff. Obviously, there is some agreement as to percentages or dollar amounts or both. This court has no intention of forcing these family members into a lawsuit. They have the right to sit back and make no claims.

Refusing to order joinder of the persons in question would not prevent the present parties from obtaining complete relief in the present action. In fact, ordering joinder could reduce the chances that plaintiff has to recover damages from the defendants. Thus, the requirements of Fed.R.Civ.P. 19(a)(1)(A) cannot be met.

As to any claimed exposure to defendants, there is nothing before the court to show the limits of liability of any policy of insurance. There is nothing to show the net worth of defendants. There is very little by which the court could even speculate as to the amount of damages which plaintiff may or may not be entitled to recover. There is nothing before the court as to underinsured motorist liability insurance coverage which may be available to any of the injured parties.

It is elementary law in South Dakota that all claims must be brought by the real party in interest. The real parties in interest as to the medical expenses of a child are usually the parents. However, plaintiff has filed an amended complaint setting forth that all medical expenses have been paid for by the United States. Plaintiff is a proper party to assert a claim for those expenses.

The complaint makes no reference to damages for the motor vehicle. Any such claim including any claims for loss of use would belong to the parents and not to the plaintiff. It may have been prudent for the parents to join as plaintiffs to seek recovery for damages as to the motor vehicle but the court will not require such joinder.

The claimed concern of the defendants that failure to order the joinder may subject plaintiff to later claims or lawsuits from her parents and her siblings is misplaced. The plaintiffs and her family members are obviously not concerned about such possibilities. The court also is not concerned about waste of judicial resources under the facts of this case. The requirements of Fed.R.Civ.P. 19(a)(1)(B) also are not met.

The motion should be denied.

NOW, THEREFORE,

IT IS ORDERED that the motion of defendants (Doc. 4) is denied.

Dated this 30th day of September, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY
        (SEAL)

3